United States District Court
Southern District of Texas
**ENTERED**
December 30, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ORLANDO REYES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-454 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

### OPINION AND ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed this § 2254 petition on October 30, 2015 (D.E. 1). Because of an error imaging the petition, the time for Respondent to file a responsive pleading and dispositive motion has been extended to February 1, 2016. Pending is Petitioner's motion for appointment of counsel (D.E. 17).

There is no constitutional right to counsel in federal habeas proceedings. *Johnson v. Hargett*, 978 F.2d 855 (5th Cir. 1992). Rule 8 of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing. At this point there are no issues which mandate an evidentiary hearing, and the motion for appointment of counsel is premature.

An evidentiary hearing will be scheduled and counsel will be assigned *sua sponte* if there are issues which mandate a hearing. Moreover, counsel may be assigned if discovery is ordered and issues necessitating the assignment of counsel are evident. Rule 6(a) of the Rules Governing § 2254 Cases; *Thomas v. Scott*, 47 F.3d 713, 715 n. 1 (5th Cir. 1995).

Accordingly, petitioner's motion for appointment of counsel (D.E. 17) is denied without prejudice.

ORDERED this 30th day of December, 2015.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE